[No. 9874.    Department Two.    January 16, 1912.]

INTERNATIONAL DEVELOPMENT COMPANY, *Respondent*, v. W. R. CLEMANS *et al.*, *Appellants*.[1]

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED—CAUSES ARISING SUBSEQUENTLY. In an action for breach of covenant against incumbrances, where the plaintiff failed to allege either an eviction or a discharge of the incumbrances, and the court instructed the jury that they could award nominal damages only, and refused leave to file a supplemental complaint showing an eviction subsequent to the commencement of the action because it was not timely made, judgment for nominal damages is *res judicata* and a bar to a subsequent action for substantial damages by reason of the eviction, where plaintiff, instead of dismissing the former action before the judgment for nominal damages, appealed therefrom to the supreme court and sought its reversal.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered July 17, 1911, upon findings in favor of the plaintiff, in an action for breach of covenants against incumbrances, after a trial to the court. Reversed.

*Forney & Moore* and *Samuel R. Stern*, for appellants.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for respondent, contended, among other things: The foundation principle of the doctrine of former adjudication is that the question in controversy has or could have been fully litigated in a former action; and, if not, then there

[1]Reported in 120 Pac. 79.

has been no former adjudication. *Long v. Eisenbeis*, 21
Wash. 23, 56 Pac. 933; *Ward v. Joslin*, 100 Fed. 676.
Where an action is prematurely brought a determination of
such action is not a bar to a subsequent action brought after
the right of action accrued. 2 Black, Judgments, §§ 714,
715; *Estill v. Taul*, 2 Yerg. (Tenn.) 467, 24 Am. Dec. 498;
*McFarlane v. Cushman*, 21 Wis. 401; *Brackett v. People*,
115 Ill. 29, 3 N. E. 723; *Tracy v. Merrill*, 103 Mass. 280.
There can be no adjudication on the merits in an action
prematurely brought, since a cause of action did not at such
time exist which could be litigated and determined. 2 Sneed
546; *New England Bank v. Lewis*, 8 Pick. 113; *Hurst v.
Means*, 34 Tenn. 546; *Gray v. Dougherty*, 25 Cal. 266;
*Bacon v. Schepflin*, 185 Ill. 122, 56 N. E. 1123; *Timmons
v. Turner*, 55 S. C. 490, 33 S. E. 571. An adjudication on
a cause of action which has already accrued is not an adjudi-
cation as to other matters on which a cause of action has not
accrued. *Rivers v. Rivers*, 65 Iowa 568, 22 N. W. 679;
*Oleson v. Merrihew*, 45 Wis. 397; *Nevills v. Shortridge*, 146
Cal. 277, 79 Pac. 972; *Moloney v. Nelson*, 158 N. Y. 351,
53 N. E. 31; *Rose v. Hawley*, 141 N. Y. 366, 36 N. E. 335.
No bar exists as to matters which a court has refused to
pass upon by ruling it out. 23 Cyc. 1312. There was no
adjudication against respondent as to substantial damages.
*International Development Co. v. Clemans*, 59 Wash. 398,
109 Pac. 1034.

DUNBAR, C. J.—The case out of which this case grew was
before this court, and is reported in *International Develop-
ment Co. v. Clemans*, 59 Wash. 398, 109 Pac. 1034. The
statement of that case was to the effect that the action was
to recover damages for breach of the covenants of warranty,
contained in a certain deed executed by E. M. Sharon and
wife, as grantors, in favor of the plaintiff, the International
Development Company, a corporation; the allegations be-
ing that, while the deed was executed by Sharon and wife,

the Sharons held the title to the property as agents for the defendants, who were the real principals in the transaction and received the entire consideration for the conveyance. The deed contained covenants of title, and also a covenant against incumbrances, except the certain incumbrance mentioned. The complaint alleged a demand upon the defendants to satisfy and discharge the incumbrance against the property, but failed to allege either an eviction or a discharge of any of the incumbrances by the plaintiff. At the close of the testimony, the court charged the jury that, if they found in favor of the plaintiff, they should award nominal damages only. The plaintiff thereupon asked leave to file an amended or supplemental complaint, for the purpose of showing that a judgment of foreclosure had been entered, that the property had been sold on execution, that it had been dispossessed of the property, and that the purchaser had entered into the possession thereof. Leave to file the amended or supplemental complaint was denied, and the jury returned a verdict in favor of the plaintiff for nominal damages. From a judgment on this verdict, plaintiff appealed, and this court sustained the judgment of the lower court, holding that only nominal damages could be obtained upon the breach of the covenant; citing *13 Cyc. 177*, where it is said:

"The assessment of damages is usually governed by the situation or condition of affairs existing at the time the action is brought; hence, for a recovery of loss or damages occurring thereafter plaintiff should amend or file a supplementary petition."

On the other proposition, it was held by this court that, inasmuch as the application to amend was not made until after the court had charged the jury at the close of the trial, this court could not hold that the trial court had abused its discretion. This action was afterwards brought to obtain substantial damages by reason of the fact of the violation of the warranty against incumbrances, and that

plaintiff had been dispossessed in due course of law. Judgment was for the plaintiff.

Several assignments are made by appellants, but the first one discussed is that the plaintiff is estopped by the former adjudication. Appellants' contention in this regard must be sustained; for, while we have not been able to discover a case or an announcement from any text-writer involving exactly the state of facts involved in this case, we think it is fairly brought within the general principles of *res adjudicata*. It is against the policy of the law to encourage litigation or the trial of two cases where one would suffice. The old familiar rule was that everything is presumed to have been adjudicated under the issues in the prior action. This rule has been modified by this and many other courts, to the effect that, notwithstanding the fact that certain questions might have been tried in the former case, if it affirmatively appears that they were not tried, the doctrine of *res adjudicata* will not apply as to them. Was the question of substantial damages tried in the former case? The respondent cites many cases to sustain the rule that, where an action is prematurely brought, a determination of such action is not a bar to a subsequent action brought after the right of action accrued; and the corollary to that proposition, that an adjudication on the cause of action which has already accrued is not an adjudication as to other matters on which a cause of action has not accrued. There can be no gainsaying the correctness of these rules, but this cause of action, while it probably did not exist at the commencement of the former action, did exist before the trial of the former action. This is manifest from the fact that a motion was made for leave to amend the complaint to show this fact. Ordinarily such an amendment would be permitted, but inasmuch as the court conceived that the application was not timely, it was denied. Under such circumstances, it was the duty of the plaintiff, if it desired to protect its rights, to have its cause dismissed without prejudice, and bring its ac-

tion for the whole amount claimed to be due. But it saw fit to force this issue upon the court by demanding a finding by the court upon this question, and appealing from its judgment in that regard, thereby adjudicating that question as a matter of law in the trial court and in this court. A reference to the prior case and to the briefs filed therein shows that the alleged error of the court in this respect was one of the assignments of error which were discussed and passed upon by this court.

It was also alleged in the former case that the court erred in instructing the jury, under the issues in that case, that they could find nominal damages only, which contentions, as we have before seen, this court refused to sustain. Instead of dismissing its action, plaintiff took a chance on reversing the judgment of the local court on both the questions involved, by litigating the question in the appellate court. Its view was that it might receive a favorable decision from a court of last resort without showing any substantial damages, thereby relieving it from the necessity of bringing another action to obtain the relief which it sought to obtain in that action. It lost its venture, and must abide the result of the decision of this court, just as the defendants would have been compelled to abide the result if this court had sustained the contention of the plaintiff.

This determination renders unnecessary the discussion of any of the other assignments. The judgment will be reversed, with instructions to dismiss the action.

MORRIS, CHADWICK, and ELLIS, JJ., concur.