[No. 30444. Department One. March 25, 1948.]

*In the Matter of the Estate of* MURRAY SIMON, *Deceased.*[1]

*M. E. Mack,* for appellant.

*Bernard L. Swerland,* for respondent.

SIMPSON, J.—This case involved the ownership of property held by the administrator of the estate of Murray

[1]Reported in 191 P. (2d) 313.

Simon, deceased. Dora Simon made claim to the property by way of objection to the final report of the adminstrator. The trial court denied the objection to the final report. Appeal was then taken to this court.

The assignments of error challenge the validity of the order made by the superior court.

The facts are these: Prior to May 14, 1943, Murray Simon and Dora Simon were husband and wife. On the day just mentioned, the superior court of Alameda county, California, entered its final decree of divorce in the case of Dora Simon v. Maurice Simon, also known as Murray Simon. Some time thereafter, Dora and Murray Simon lived together but were never remarried.

May 22, 1946, Murray Simon died in the city of Spokane. Two days thereafter, Dora Simon filed in the superior court of Spokane county her petition asking that she be appointed administratrix of the estate of Murray Simon. In the petition she stated that she was the "wife" of Murray Simon. After a hearing, an order was made appointing her as administratrix of the estate. Thereafter, Ernest Simon, a brother of decedent, filed a petition asking that Mrs. Simon be discharged, and that he be appointed administrator of his brother's estate. After a hearing, the court discharged Mrs. Simon and appointed Ernest Simon to administer the estate. The order also compelled Mrs. Simon to make a report as administratrix, and to surrender the property of the estate. Accordingly, on July 11, 1946, she filed her report, in which she stated that the property which had come into her possession was as follows:

"(a) All the items and things set forth on an inventory marked Exhibit A and attached hereto and by this reference made a part hereof as though set out in full.

"(b) $3,742.71 on deposit in the Old National Bank of Spokane, Washington, to the credit of Murray Simon, deceased.

"Other property of the decedent, Murray Simon, about which the petitioner has information is the sum of $5,000 in a safety deposit box of Ernest Simon, brother of the decedent, $3,000 in a checking account of Ernest Simon, brother of decedent, an automobile of the approximate value of $1600, and a diamond ring of the approximate value of

$700. None of said items above mentioned at any time herein nor at the present time is in the possession or under the control of your petitioner."

Paragraph V of the report read:

· "That your petitioner has knowledge of no other property of any kind whatsoever of the decedent, Murray Simon. That all the property coming into possession or the knowledge of your petitioner has been distributed or accounted for."

The inventory of the estate filed by Ernest Simon is not contained in the record brought to this court. June 9, 1947, Ernest Simon filed his final report and petition for distribution. The report showed "that the total amount of the gross estate" was in the sum of $7,442.71. The property included a Hamilton watch, appraised at fifty dollars, and a diamond ring, appraised at six hundred fifty dollars. The disbursements for hospital, funeral expenses, and appraiser's fees, together with some other charges of administration, amounted to the sum of $798.44. In addition, the administrator asked the court to fix the attorney's fee in the amount of $328.28, and his in a like amount.

July 9, 1947, Mrs. Simon filed her objection to the final report. In her petition, she claimed the property in the sum of thirteen thousand dollars inventoried by the administrator, the diamond ring, and the Hamilton watch, as her sole and separate property.

The trial court based its order upon the record as we have stated it.

Appellant contends that the property inventoried as that of the estate was property which belonged to her, and that she had a right to its possession at any time. Respondent, on the other hand, takes the position that the actions of appellant, based as they were, upon sworn statements, estop her from claiming the property as her own.

■ "To constitute estoppel *in pais,* three things must occur: (1) an admission, statement, or act, inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, state-

ment, or act." *Code v. London,* 27 Wn. (2d) 279, 178 P. (2d) 293.

■ In our opinion, appellant was estopped to deny title to the property in the estate, in so far as payment of funds incident to the probate of the estate was concerned. Appellant surrendered the property to the administrator without making any claim of ownership in herself. She stood quietly by during the progress of the administration, and allowed the administrator to pay hospital bills, funeral expenses, appraiser's fees, and other bills of like nature. She allowed the administrator to incur an indebtedness for attorney's fees, and to give his time and attention to the affairs of the estate.

■ Mrs. Simon, however, is not estopped to litigate her claim to the balance of the property. True, she made false statements under oath. She stated that, at the time of Murray Simon's death, she was his wife. That was untrue. Later, she turned over to Ernest Simon the property she had claimed, belonging to Murray Simon. In so doing, she did not claim an interest in it. Then, under oath, she claimed that the same property was her own. She falsified either at the time she surrendered the property, or at the time she claimed it. However, her questionable conduct did no injury to the heirs of Murray Simon. This being true, the third requirement to the doctrine of estoppel was not present.

The judgment in this case will be modified as indicated, and remanded with instructions to grant appellant a trial upon her objections to the administrator's final report.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.