[No. 37650. Department One. April 22, 1965.]

MARGE F. CROW, *Respondent*, v. HOWARD R. CROW, *Appellant.**

*Byron D. Coney* (of *Coney & Collier*), for appellant.

*Wm. H. Simmons*, for respondent.

OTT, J.—February 13, 1963, Marge F. Crow commenced this action against Howard R. Crow to recover $6,000 which she alleged she advanced to him as a loan. Defendant's answer admitted that he had received the money, but denied that it was a loan or that there was any obligation to repay.

Plaintiff moved for summary judgment. Defendant filed the following affidavit in opposition thereto:

HOWARD R. CROW, being first duly sworn on oath, deposes and states: The statements contained in plaintiff's Complaint and in her affidavit in support of a motion for summary judgment are not true in respect of her claim that I owe her $6,000.00.

Prior to our divorce we were negotiating a division

*Reported in 401 P.2d 328.

of our property. We had tentatively settled on a division that involved awarding a vendor's interest in a real estate contract, called the "Edgewater" contract, to me. The balance owed on it was about $5,000.00, and it was my plan to liquidate it for cash after the divorce. Before the Property Settlement Agreement was finally prepared the plaintiff and myself agreed that the Edgewater contract would be awarded to her and she would give me $4,000.00 for it, which was about its market value. In addition, she agreed to lend me $2,000.00 to participate in a business venture with Miles Holt, with whom both of us had been involved before. The Edgewater contract was awarded to her; she did pay me the $2,000.00 to invest with Holt. Holt later repaid the plaintiff the $2,000.00 I had borrowed, and nothing is now owed to her.

The trial court denied the motion for summary judgment, and the cause thereafter proceeded to trial on the merits.

The plaintiff called as her first witness Howard R. Crow, who testified substantially as stated in the above-quoted affidavit.

Marge F. Crow testified that the money advanced was a loan, and denied that it was payment for the Edgewater contract.

At the close of plaintiff's evidence, the defendant attempted to prove that the $4,000 was paid for the Edgewater contract the day after the entry of the divorce decree, in accordance with the terms of their prior oral agreement, and stated that a Mr. Coney would corroborate the transaction.

The court sustained plaintiff's objection to the proffered evidence upon the ground that testimony regarding the prior oral agreement could not be admitted to vary the terms of the subsequent written agreement relating to the Edgewater contract.

From a judgment in favor of the plaintiff in the sum of $4,000, the defendant appeals.

Appellant asserts that the court erred in refusing to consider his offer of proof that the $4,000 payment was the consideration for the Edgewater contract and not a loan.

■ Proof of the real consideration, or lack of it, is an exception to the general rule that oral or extrinsic evidence cannot be asserted to vary the terms of a written instrument. Recitals of consideration in a written instrument are not conclusive. It is competent to inquire into the consideration and show, by parol evidence, the real or true consideration. It may be shown by parol evidence that the real consideration was greater than that which was expressed in the instrument, or that there was some other consideration in addition to that set forth. *Zackovich v. Jasmont*, 32 Wn.2d 73, 200 P.2d 742 (1948); *Kraft v. Wodill*, 17 Wis.2d 425, 117 N.W.2d 261 (1962); *Ayres v. Cook,* 140 Ohio St. 281, 43 N. E.2d 287 (1942); *W. T. Rawleigh Co. v. Dickneite*, 99 Colo. 276, 61 P.2d 1028 (1936); *Edoff v. Hecht*, 270 Mich. 689, 260 N. W. 93 (1935); 32A C.J.S. *Evidence* § 948 p. 338.

We adhere to the general rule announced in *Zachovich v. Jasmont, supra*, p. 83:

It has become an established principle in this state, as elsewhere generally, that parol evidence is admissible to show the true consideration of a written agreement. [Citing cases.]

■ The court erred in refusing to admit the proffered evidence, which would have supported appellant's contention that the payment was not a loan, but was a consideration in addition to that expressed in the written agreement.

The judgment is reversed, and the cause remanded with instructions to grant a new trial. Costs will abide the final determination of the cause.

ROSELLINI, C. J., HILL and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.