[No. 38149. Department Two. September 29, 1966.]

ARTHUR E. MALACKY, *et al., Appellants,* v. MATA R. SCHEPPLER, *Respondent.\**

*Reported in 419 P.2d 147.

*Murray J. Anderson,* for appellants.

*Henry C. Perkins,* for respondent.

WEAVER, J.—Mary M. Malacky, a widow, had three adult children. Two of them, Arthur E. Malacky and Gertrude Magnusson, are plaintiffs in the present proceeding; the other, Mata R. Scheppler, is defendant.

Mrs. Malacky had previously sold three parcels of real property on real estate contracts. January 20, 1958, she executed and delivered quitclaim deeds and assignments of the real estate contracts to her children as co-grantees. Each document of conveyance, which was duly recorded, recited that the consideration was "for value received."

By mid-1958 Mrs. Malacky had become incapable of handling her own affairs and upon petition of defendant, was adjudicated an incompetent. September 10, 1958, defendant was appointed her guardian. Payments received on the land contracts were used by the guardian for the care of her mother. Mrs. Malacky lived until April 12, 1964.

Defendant had inventoried the conveyed property as an asset of the guardianship and in her final report as guardian, filed May 4, 1964, accounted for the payments that had been made on the real estate contracts between 1958 and 1964. She also accounted for her disbursements as guardian for the support, care and maintenance of her mother, who had become a helpless invalid requiring constant attention.

May 15, 1964, plaintiffs filed their objections to the guardian's final report and, on May 25, 1964, commenced an action against defendant.

Although plaintiffs designate their action as one to quiet title to the real property free from any claim of the guardianship, it is, in truth, an action for an accounting of the payments made on the real estate contracts between 1958 and 1964; and for a money judgment against defendant

in her individual capacity for plaintiffs' claimed share of the payments made on the contracts until the death of their mother.

There is evidence in the record, drawn primarily from defendant's testimony (for plaintiffs did not testify) to support the following findings of fact:

 . . . that the three children of the grantor agreed that the property should be put in the names of the three children so that they would thereby save the expense of probate and any possible taxes or other items at the time of death, and that said property should be treated and used as property of their mother so long as she lived. (Finding of Fact 3).

 the payments on these land contracts . . . have been used exclusively . . . for the care of Mary M. Malacky. (Finding of Fact 4).

 since the conveyance[s] . . . there has been no exercise of any dominion, claim, or benefit from the proceeds of these contracts, or the vendor's interest in them, by the grantees. (Finding of Fact 5).

 all the grantees . . . had full knowledge of the application of these assets since the notice of filing in the guardianship and they were aware of their being claimed by the guardian, the defendant, as assets of the guardianship. (Finding of Fact 6).

 no consideration was paid to Mary M. Malacky by any of the grantees for the conveyances . . . nor was there any agreement or promise made for any such payment, nor any promise for future support as consideration. (Finding of Fact 7).

 the grantees and grantor were in a close family relationship, and a relationship of mutual trust and confidence with one another at the time of the execution of the conveyances. (Finding of Fact 8).

From these findings of fact (which we cannot disturb, *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959)), the trial court concluded, *inter alia,* that:

The plaintiffs, having full knowledge of the guardianship of Mary M. Malacky and that beneficial interest in said real property were [sic] being treated as belonging to Mary M. Malacky, are *estopped* to claim any beneficial interest in said real property *prior* to the death of said Mary M. Malacky. (Italics ours.)

Plaintiffs appeal from a judgment dismissing their action with prejudice and from an order approving defendant's final report as guardian of her mother's estate.

Plaintiffs' theory is this: They are grantees named in documents which on their face appear to convey absolute title. The recitals of consideration cannot be contradicted by oral evidence, for the parol evidence rule and RCW 5.60.030 (the dead man's statute) would be violated.

■ Plaintiffs' first contention is not well-taken. Proof of the real consideration, or lack of it, is an exception to the general rule that oral or extrinsic evidence cannot be asserted to vary the terms of a written instrument. Recitals of consideration in a written instrument are not conclusive. It is competent to inquire into the consideration and show, by parol evidence, the real or true consideration. *Crow v. Crow,* 66 Wn.2d 108, 401 P.2d 328 (1965), and authorities cited.

■ There are two possible answers to plaintiffs' second contention. First, defendant did not testify to a transaction with a decedent but described a tax-avoidance arrangement suggested by plaintiff, Arthur E. Malacky, and concurred in by plaintiffs and defendant. Second,

the statute does not seek to prevent, nor does it prohibit, an interested witness from testifying on behalf, or in favor, of the estate of a deceased or insane person. *McFarland v. Department of Labor & Indus.,* 188 Wash. 357, 362, 62 P.2d 714 (1936), and authorities cited.

Plaintiffs argue at length that the deeds did not establish a resulting trust. The authorities we have examined indicate that there may be considerable merit to their argument, but we do not deem it necessary to resolve the issue.

We affirm the judgment and order from which this appeal is prosecuted upon the theory adopted by the trial court, namely, that plaintiffs are estopped to claim any beneficial interest in the real property *prior* to the death of their mother.

Our conclusion is based upon the rationale of *In re Simon's Estate,* 30 Wn.2d 278, 191 P.2d 313 (1948).

Murray and Dora Simon were divorced. Some time thereafter they lived together but were never remarried. Murray

died and Dora was appointed administratrix of his estate upon the allegation that she was his wife. Thereafter, a brother of decedent, discovering the facts, petitioned for her removal and for his appointment as administrator. This petition was granted. Dora surrendered the property to the administrator. She stood quietly by during the progress of the administration, and allowed the administrator to pay hospital bills, funeral expenses, appraiser's fees, other bills of like nature, and incur an indebtedness for attorney's fees.

When the administrator filed his final report, Dora objected thereto, claiming that property in excess of that remaining had been her separate property and not subject to probate. This court held that she was estopped to deny title to the property in the estate, insofar as payment of funds incident to the probate of the estate was concerned. She was not estopped, however, to litigate her claim to the balance of the property.

■ The court quoted from *Code v. London,* 27 Wn.2d 279, 178 P.2d 293 (1947), as follows:

"To constitute estoppel *in pais,* three things must occur: (1) an admission, statement, or act, inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act."

■ The facts of the instant case meet this test. Plaintiffs stood by, knowing of the guardianship, its income, and its use to support and care for their mother during her lifetime. Upon her death, the court directed that all future payments on the real estate contracts be distributed by the bank collecting them to plaintiffs and defendant in accordance with directions from them.

Apparently, in spite of this appeal, defendant distributed two-thirds of the guardianship property to plaintiffs and one-third to defendant as directed by the order approving the final report of guardian from which this appeal is prosecuted. Defendant now asks that we remand the case to the

superior court for a determination of the fee of defendant's attorney upon this appeal, and that two-thirds of the fee *be taxed as costs against plaintiffs*. Defendant cites us no authority authorizing this procedure. The request is denied.

We find no merit in plaintiffs' claim that the trial court erred when it approved the final accounting of the guardian.

The judgment and order approving final report of guardian are affirmed.

DONWORTH, FINLEY, and HAMILTON, JJ., and LANGENBACH, J. Pro Tem., concur.