554

KUNI AUST, *Appellant,* v. EDWARD J. BRIDGES, *Respondent.*

*Anton J. Miller,* for appellant.

*James B. Finlay* and *Finlay & Munson,* for respondent.

RINGOLD, J.*—In 1957, plaintiff Kuni Aust and her now deceased husband, as sellers, entered into an executory contract for the sale of land to the defendant Edward Bridges, as purchaser. This contract included a 3 1/2–acre parcel known as the Bruceport Park–Legion property, which was also included in the description contained in the fulfillment deed.

---

*Judge Solie M. Ringold is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

In 1961, the purchaser had a sale pending to a third party and was prepared to make final payment on the contract. The seller refused to deliver the fulfillment deed, asserting that the Legion property should not have been included in the land descriptions, and that its inclusion was due to mistake or fraud. She agreed, however, to convey and complete the transaction in trade for another parcel of land owned by Bridges known as the "slough property." He signed an agreement, the basis of this action, in part as follows:

> Edward Bridges agrees, that upon a delivery of deed [to the Legion property] . . . to convey to Kuni Aust [the slough property] . . . as soon as a surveyor can furnish the necessary description.

Aust commenced this action to compel Bridges to convey the slough property or for damages.

The trial court made findings of fact, conclusions of law, and entered a judgment dismissing the action. The pivotal conclusion of law holds:

2.

That defendant's promise to convey to plaintiff, which is evidenced in part by his having signed [the agreement], is not enforceable, because it is unsupported by legally adequate consideration.

The trial court expressed some doubt and reservations about the admissibility of parol evidence, but followed the well-settled rule stated in *Malacky v. Scheppler,* 69 Wn.2d 422, 425, 419 P.2d 147 (1966), that consideration may be shown by parol evidence:

> Proof of the real consideration, or lack of it, is an exception to the general rule that oral or extrinsic evidence cannot be asserted to vary the terms of a written instrument. Recitals of consideration in a written instrument are not conclusive. It is competent to inquire into the consideration and show, by parol evidence, the real or true consideration.

*See also Crow v. Crow,* 66 Wn.2d 108, 401 P.2d 328 (1965).

The trial court, however, in weighing and evaluating the evidence did not apply the proper rule to determine sufficient consideration:

8.

That Mrs. Aust had an absolute duty, at all relevant times, to convey to Mr. Bridges, . . . land as described in the . . . real estate contract. Therefore her doing so in 1961, or her subsequent agreement to do so, served no purpose, i.e. was of no value in a legal sense or consideration for the promise to convey the nine acres to Mr. Bridges.

7.

Mrs. Aust offered only parol evidence to prove her said claim which was clearly not evidence strong enough to overcome the presumptively correct, formally prepared and executed real estate contract, together with the contradictory parol evidence given by Mr. Bridges, therefore her claim is, and was at all relevant times, of no value.

Aust agreed to surrender her claim of mistake or fraud in exchange for Bridges' promise to convey the slough property. The critical issue here is the *test* which should be applied in determining whether the surrender of the asserted claim was consideration for the settlement the parties made.

In *Harding v. Will*, 81 Wn.2d 132, 138, 500 P.2d 91 (1972), the court summarizes the rule:

A settlement is supported by sufficient consideration when there is a bona fide claim which is unliquidated, disputed or doubtful. *United Truck Lines, Inc. v. Employers Mut. Cas. Co.*, 44 Wn.2d 520, 268 P.2d 1014 (1954). Compromises are favored in the law. *Rogich v. Dressel*, 45 Wn.2d 829, 278 P.2d 367 (1954).

Sufficient consideration to support a compromise and settlement may exist even though the defense or claim actually does not exist in law or fact since so rigorous a standard would discourage compromises. Shattuck, *Contracts in Washington*, 34 Wash. L. Rev. 24, 64 (1959). However, sufficient consideration requires more than the bald assertion by a claimant who has a claim. We have held that such claims must be made in good faith. *Opitz v. Hayden*, 17 Wn.2d 347, 135 P.2d 819 (1943).

The judgment of the trial court must be reversed and a factual determination made whether or not the claim made by Aust of mistake or fraud was maintained in good faith.

Since this matter will be remanded for new trial, one issue remains, if the court finds in favor of Aust on the issue of consideration. Bridges' agreement to convey the property requires that a survey be conducted to "furnish the necessary description." It is not clear which party has the obligation to obtain and pay for the survey. If it is determined that the obligation rests upon Aust, it does not defeat her claim. The procurement of a survey would have been a fruitless act in the light of Bridges' refusal to convey.

The judgment is reversed and the cause remanded for new trial.

PETRIE, C.J., and REED, J., concur.