[No. 37980. Department Two. June 30, 1966.]

NORTHERN PACIFIC RAILWAY CO., et al., *Respondents*, v. WASHINGTON UTILITIES AND TRANSPORTATION COMMISSION et al., *Appellants*.*

*Reported in 416 P.2d 337.

*The Attorney General* and *Robert E. Simpson, Assistant,* for appellant Washington Utilities and Transportation Commission.

*Trethewey, Brink & Wilson,* by *Daniel Brink,* for appellant Contract Carriers, Inc.

*Reaugh, Hart & Allison, George H. Hart, Dean H. Eastman,* and *Roger J. Crosby,* for respondents.

DONWORTH, J.—This is an appeal from an order of the Superior Court for Thurston County, which reversed a modified order of the Washington Utilities and Transportation Commission after a review of the order and record of the commission in Cause No. P-37620. The commission's order M. V. No. 78809 granted a contract carrier permit to Contract Carriers, Inc., which corporation will be hereinafter referred to as the applicant corporation.

The prior proceedings which occurred in 1961, 1962, and 1963 are as follows: The applicant corporation originally made application to the commission on March 13, 1961, seeking authority to operate as a contract carrier of certain commodities for a particular shipper, Yakima Cement Products, Inc. Hearings were held on this application in Yakima on May 6, 1961, and in Seattle on July 6 and September 6, 1961. As a result of these hearings, the Washington Utilities and Transportation Commission, hereinafter referred to as the commission, on July 12, 1962, by its order M. V. No. 77061, granted the applicant corporation the following contract carrier authority:

Intrastate, irregular route, non-radial service as a carrier of Machinery and equipment; Liquid petroleum Products consisting of asphalt and petroleum products only; Building Materials; Cement in bulk in tank trucks, steel, concrete products, calcium chloride and clay products in the

State of Washington under contract with YAKIMA CE-MENT PRODUCTS, INC.

Several carriers had appeared at the hearings as protestants against the granting of such a permit. They joined in an application to the Thurston County Superior Court on August 10, 1962, for a writ of review of the commission's order on the grounds (among others) that the commission's order and findings were unlawful, erroneous, arbitrary and capricious. On April 2, 1963, the review of the commission's order was heard by the superior court. April 17, 1963, the superior court entered findings of fact, conclusions of law and a decree which held that the commission's order M. V. No. 77061 was inadequate because its finding of fact and conclusion of law No. 5 failed to state whether the noncompliance with the laws of the state which were referred to therein were willful. The cause was remanded to the commission with directions to make such a finding. The original finding of fact and conclusion of law No. 5 reads:

The applicant has not complied with the laws of the state of Washington in the past, but it appears that the applicant has the ability to and will comply with such laws in the future.

Pursuant to the order of remand, the commission, on May 28, 1963, issued order M. V. No. 78809 modifying order M. V. No. 77061. The new order adopted all of the provisions of the old order except those which were specifically deleted and again granted the permit to the applicant corporation. The deletions from the older order were two paragraphs of the opinion portion of the order, and finding of fact and conclusion of law No. 5. The new order added about two pages of explanation to its opinion and a new finding of fact and conclusion of law No. 2, which modified the old No. 5. The modification of finding of fact and conclusion of law No. 5 reads:

The applicant has not complied with the law, rules and regulations in the past and it is the finding of the commission some of these violations were willful, but it appears that the applicant has the ability to and will comply with such laws in the future.

It will be of assistance in the understanding of the issues in this case to also note that the last paragraph of the opinion portion of order M. V. No. 78809 reads:

> The president of the applicant corporation has indicated a willingness to comply with regulation and has shown sufficient evidence of good faith to negate for purposes of this application the inferences which could be drawn from past conduct. The Commission is of the opinion that the applicant has the ability to and will comply with lawful regulations covering his operation as a contract carrier.

The same protestants again filed an application in the superior court for a writ of review of this modified order of the commission on the ground that the order and findings were unlawful, erroneous, arbitrary, and capricious. After this hearing to review the order granting the permit, the trial court reversed the commission's order and remanded the matter to the commission with directions to cancel the permit granted to the applicant corporation.

The applicant and the commission each appealed to this court from the decree of the superior court and have assigned as error the making of certain findings of fact and conclusions of law.

In considering these assignments, it is important to understand why the superior court reversed the commission and ordered the permit canceled. The protestants (respondents) relied on RCW 81.80.070 and the commission's Rule 5(c) pertaining to qualifications for permits for carriers. RCW 81.80.070 reads, in part:

> No permit or extension thereof shall be granted if the commission finds that the applicant is not financially able, properly and adequately equipped, and capable of conducting the transportation service applied for in compliance with the law and rules and regulations of the commission, and *the commission may deny an application if the applicant or any of its principal officers or stockholders fails, or has failed, to comply with the laws of this state.* (Italics ours.)

Rule 5(c) reads:

> Proof will be required to establish that applicant or any of its personnel, officers or stockholders have not willfully

failed to comply, and will fully comply, with the laws of the state of Washington and the rules and regulations of the Commission applicable to the proposed service.

It has been the position of the protestants (hereinafter referred to as respondents), both before the superior court and on appeal before this court, that the commission's order was unlawful and not supported by substantial evidence. Respondents argue that, since there was a finding by the commission that the violations of the commission's rules and the state law were in some instances willful, the finding of the commission that the applicant has the ability and will comply with the law, rules, and regulations in the future, must be supported by substantial evidence ·in the record but that the record does not contain such evidence.

The findings of fact, conclusions of law, and decree signed by the trial court were prepared by respondents. Certain of the grounds for reversal urged by respondents were apparently rejected by the trial court, because the record shows that the trial court specifically deleted portions of the proposed findings of fact and conclusions of law submitted by respondents but accepted the balance of their proposed findings of fact, conclusions of law, and decree.

The portions of the findings of fact and conclusions of law which were rejected by the superior court are italicized rather than crossed out, so that the words may be read in their original context. The unitalicized portions were the grounds accepted by the superior court. The significant passages read:

Finding of Fact No. 7.

In its Order M. V. No. 78809 the Commission specifically found in its Finding of Fact and Conclusion of Law No. 2 that applicant has not complied with the law, rules and regulations of the respondent Commission in the past and some of said violations were willful. Therefore said Commission was required by its Rule 5 (c) to deny the application, and the Commission's Order M. V. No. 78809 which granted said application, is therefore unlawful, *arbitrary, and capricious and not supported by* and contrary to *the* substantial evidence in the record in said Cause P-37620. *Further, the Commission's Finding of Fact and Conclusion*

*of Law No. 2 in said Order M. V. No. 78809 which found that applicant had the ability to and will comply with such laws in the future, is unsupported by and contrary to the substantial evidence of record.*

Conclusion of Law No. 2:

That said Order M. V. No. 78809 is unlawful, *arbitrary and capricious and not supported by* and contrary to substantial evidence in Cause P-37620. Said Order M. V. No. 78809 shall be reversed and remanded to the respondent Commission with directions to the Commission to enter an order denying the application P-37620 of respondent Contract Carriers, Inc., and cancelling the permit rights which were issued pursuant to the Commission's Order M. V. No. 77061 as reaffirmed in Order M. V. No. 78809.

It is clear from the above italicized deletions and the unitalicized holdings of the superior court that the court ruled, as a matter of law, in effect, that, under Rule 5(c) of the commission, if an applicant has previously willfully violated any laws or regulations or rules of the commission concerning the operation of carriers, the commission cannot thereafter issue to this applicant another permit, even though the applicant makes a showing by substantial evidence that it has the ability and will comply with the law, rules and regulations of the commission applicable to the proposed service, and the commission makes a finding that the applicant is able and willing to comply with such laws.

■ We have held in several cases that, in ascertaining the meaning of the superior court's findings, it is proper to consider its memorandum opinion. See *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963), and cases cited therein. In this case, the superior court, by reference, incorporated its opinion in its findings of fact.[1] The pertinent

---

[1]We have heretofore disapproved of this practice. Appellant Contract Carriers, Inc., assigns as error the incorporation of this memorandum opinion in the findings of fact, citing and quoting from *In re Sipes,* 24 Wn.2d 603, 167 P.2d 139 (1946). However, we believe that in the present case this issue is irrelevant, except to note that the discussion by the trial court in the memorandum opinion was not a factual determination.

portion of the memorandum opinion reads:

It would seem to the Court that here we have a situation where the statute says, 81.80.070, the last portion thereof, "And the Commission may deny an application if the applicant or any of its principal officers or stockholders fails, or has failed, to comply with the laws of this state." Therefore, the Commission has been empowered to deny under those circumstances. It doesn't say how the Commission shall exercise that power, whether it shall do it on an individual case-to-case basis, or whether it can adopt a general rule to effectuate the same purpose.

In this case the Commission quite obviously has adopted a rule, 5C, that "Proof will be required to establish that the applicant or any of its personnel, officers or stockholders have not wilfully failed to comply," and so forth. So the Commission has exercised their discretion as given by "may," and the word "may," as distinguished from the word "must." In its normal sense, although there are instances to the contrary, it normally has been construed to mean that the Commission may deny. It means that it may deny, it doesn't mean "must."

The Commission then has given that effect, not on a case-to-case basis, but by a general rule. It made a rule to the effect that proof will be required. That can only mean one thing, that an applicant must produce that proof if they are going to prevail. And the language is so plain that it doesn't require construction. "Proof will be required to establish that the applicant," and so forth, "have not wilfully failed to comply."

Under the cases cited, for example the Miles case [cited to the superior court by the Commission], it is true that the rule is well known that under the guise of rule making an administrative agency can not extend the force of the statute, but here it says that the Commission may deny, and the Commission has exercised that power upon a general basis rather than on a basis of applying it to one person and not to another, and having selected that method of exercising its power to deny, namely by doing it by a general rule that applies to everyone, the Commission, without amending the rule as provided by statute, can not now go back and determine that they are going to apply the statute and their own rule to some people and not others. They have adopted a rule and they are bound by it.

It is clear from what the superior court said in this passage quoted above, and from the portions it deleted from the proposed findings of fact and conclusions of law, that the court applied the commission's Rule 5(c) as if it had provided that, if there has ever been a willful violation by the applicant (or any of its personnel, officers, or stockholders) of the laws of the state pertaining to carriers, thereafter such applicant will ipso facto be denied a permit.

As above stated, the commission and the applicant have each appealed from the superior court decree. The formal assignments of error of the two appellants differ somewhat in some respects. However, the principal issues raised by the assignments which are answered in respondents' brief do not differ significantly. Therefore, we shall discuss those issues as if their assignments of error were identical.

Recently this court had occasion to discuss rather exhaustively the statutory provisions and the decisions of this court relating to the respective functions of the courts and of the commission concerning the review of matters originating before the commission. See *State ex rel. Pacific Northwest Bell Tel. Co. v. Washington Util. & Transp. Comm'n*, 66 Wn.2d 411, 403 P.2d 73 (1965). It is not necessary to make further reference to the law on this subject in this opinion.

Appellants have argued that the superior court erred in its interpretation of Rule 5(c) as an exercise of the discretion of the agency by which it chose to deny *all* permits to applicants who have previously willfully violated the law, rule or regulation pertaining to freight carriers. The commission interprets this rule as a procedural rule which places on the applicant the burden of going forward with the evidence with regard to the nature of any violations of laws, rules or regulations pertaining to carriers and with regard to their ability and willingness to comply with the laws, rules and regulations pertaining to carriers.

The commission has stressed that there is no language in the rule which says that, if a finding of willfulness is made in any case, the permit applied for by an applicant must be automatically denied. It insists that the rule includes a

provision that requires proof of the willingness and ability of the applicant to comply with the laws, rules and regulations in the future, as well as proof concerning the nature of past violations, if any. The commission contends that the purpose of the rule was to provide the commission with adequate evidence in the record from which it could reasonably weigh the issues which may be presented by an applicant and by the protestants in any particular case, so that the commission can make a reasonable determination of the matters referred to in the rule.

The superior court's memorandum opinion indicates that it believed that the wording of the rule was clear and unambiguous, and that it must be held to mean that a permit must be denied if the applicant or its personnel, officers or stockholders had previously willfully violated any of the laws, rules or regulations pertaining to carriers. We do not agree with the superior court's interpretation of this rule. In our opinion, the language of the rule means that the applicant has the burden of proving that neither the applicant nor its personnel, officers or stockholders have willfully failed to comply with the laws, rules and regulations pertaining to the proposed service, and that such persons will comply with such laws in the future. The rule says nothing whatsoever about what the commission shall decide regarding the effect of past willful violations. of such laws on the applicant's future ability or willingness to comply with such laws. If Rule 5(c) were intended by the commission to mean that a willful violation would ipso facto result in the ineligibility of an applicant for a permit, a clear statement to this effect could have been inserted into the rule.

Furthermore, neither the superior court nor this court should substitute its own interpretation of the rule for the commission's interpretation of the rule, except to prevent the commission from disregarding the material rights of the parties to the controversy. *Herrett Trucking Co., Inc. v. Public Serv. Comm'n,* 61 Wn.2d 234, 377 P.2d 871 (1963); *Lee & Eastes v. Public Serv. Comm'n,* 52 Wn.2d

701, 328 P.2d 700 (1958); *Floe v. Cedergreen Frozen Pack Corp.*, 37 Wn.2d 886, 226 P.2d 871 (1951).

We believe it is clear from the record that the rights of no party are infringed by the commission's interpretation of Rule 5(c). The statute permits the commission, after hearing the evidence, to exercise its discretion in granting or denying a permit to an applicant who has previously willfully failed to comply with the law. The commission's interpretation of Rule 5(c) permits the same exercise of discretion on a case-to-case basis. The superior court's finding of fact No. 7 and its finding of fact No. 8, in which it incorporated its reasoning on the construction of Rule 5(c) are, therefore, erroneous.

It is the position of respondents that the commission's finding that the applicant corporation had the ability and willingness to comply in the future with the laws, rules and regulations applicable to the permit for which it applied was not sustained by substantial evidence in the record.

Respondents have argued strongly that the violations of the president of the applicant corporation and his testimony (and other evidence before the commission such as book-keeping records and testimony of the president of the supporting shipper (Yakima Cement Products, Inc.)) not only do not support the finding by the commission that he has the ability and the willingness to comply with the laws, rules and regulations, but that the evidence requires the opposite finding, namely, that he has shown no ability or willingness to comply with the law except his unsupported statement that he has such ability and will comply.

█  If respondents are correct, then the superior court decree should be affirmed on this alternate ground even though the superior court apparently rejected this contention. The superior court's findings of fact, conclusions of law and decree affirmed the commission in all respects except on the grounds discussed above. A superior court decree which is based on an erroneous ground will be affirmed on appeal if there is an alternate ground presented by the pleadings and the record which supports the decree.

See *Mooney v. American Mail Line, Ltd.,* 61 Wn.2d 181, 377 P.2d 429 (1963).

We have read the extensive record of the hearing before the commission. The opinion of the commission, in order M. V. No. 78809 discussed the evidence and the inferences to be drawn therefrom in considerable detail. The commission's opinion stated that the violations which were committed by the president of the applicant corporation appear in some instances to have been honest mistakes, and in other instances they were apparently caused by ignorance of the law or inadvertence.

The violation which respondents emphasized most concerned the method of compensation to the president of Contract Carriers, Inc., when he was the lessor of trucks to the supporting shipper and manager of the leased trucks for the supporting shipper. The effect of this compensation was characterized by the commission as placing the lessor in the position of operating as a common carrier under the lessee's common carrier permit. This compensation form continued from the start of the leasing arrangement until the commission's agents advised the lessor that he was conducting an operation contrary to the regulations of the commission. The improper form of compensation then ceased, according to the commission's opinion. It appears to us that the commission had before it substantial evidence on which it could base the discussion in its opinion and the findings in its order that the president of the applicant corporation has reasonably tried to comply with the laws, rules and regulations whenever he understood them, although it found that some of the violations were "willful."

There is also evidence in the record that the president of the applicant corporation presently understands the limits of his authority under the permit which was granted by the commission in its order M. V. No. 78809, and that he will observe the laws and regulations applicable to this permit. He answered a variety of questions concerning rates and types of hauling.

Respondents claim that he persisted in his violations after warnings from the commission and that he tried to deceive

the commission by his testimony. We do not believe the evidence requires that inference when the record is read as a whole rather than when portions are quoted out of context. In a passage from the opinion of the commission, which was included in its order M. V. No. 78809, the character of the evidence was discussed in considerable detail. The opinion ended with the following statement:

> The president of the applicant corporation has indicated a willingness to comply with regulation and has shown sufficient evidence of good faith to negate for purposes of this application the inferences which could be drawn from past conduct. The Commission is of the opinion that the applicant has the ability to and will comply with lawful regulations covering his operation as a contract carrier.

This expression by the commission is consistent with its finding of fact that "it appears that the applicant has the ability to and will comply with such laws in the future." The finding is supported by substantial evidence in the record. Therefore, we must affirm the commission's finding. *State ex rel. Pacific Northwest Bell Tel. Co. v. Washington Util. & Transp. Comm'n, supra.*

The decree of the superior court is hereby reversed with directions to enter a decree affirming the commission's order M. V. No. 78809. It is so ordered.

ROSELLINI, C. J., FINLEY and HAMILTON, JJ., and LANGSDORF, J. Pro Tem., concur.