[No. 1260-1.  Division One—Panel 2.  November 6, 1972.]

HAROLD HOPKINS, *Appellant*, v. ANDY ANDERSON *et al., Respondents and Cross-appellants*, RICHARD A. CAROTHERS *et al., Respondents.*
HAROLD HOPKINS, *Appellant*, v. JAMES R. MCGOWAN *et al., Respondents.*

*King & King* and *Albert A. King*, for appellant Hopkins.

*Helsell, Paul, Fetterman, Todd & Hokanson* and *Gary F. Linden*, for respondent and cross-appellant Anderson et al.

*Patrick H. Shea*, for respondent Carothers et al.

*Maxwell & Petersen* and *Lawrence B. Bailey*, for respondent McGowan et al.

FARRIS, A.C.J.—Two actions which arose out of the same transaction were consolidated for trial. Hopkins brought both actions; the first to foreclose a landscaping lien on the residence of the Andersons and the second to collect money due for landscaping the residence of the McGowans. Richard A. Carothers, a landscape architect ordered the work done by Hopkins. Carothers alleged and the trial court found that he acted upon instructions from McGowan who it is alleged (and the trial court found) was an agent of Viking Investment Company, a corporation, with apparent authority to bind Viking to pay for the landscaping services. Kendall A. Sanwick is the principal stockholder of Viking.

It is not disputed that Hopkins did the work in a good and proper manner and that his charges of $3,344 for the Anderson landscaping and $2,403 for the McGowan landscaping should be paid. The dispute below and here is over who should pay for the services. The trial court awarded judgment to Hopkins against McGowan, Anderson and Viking in the amount of $3,344 for the Anderson landscaping, and against McGowan and Viking in the amount of $2,403 for the McGowan landscaping. Viking and Anderson were each granted judgment against McGowan for any amounts they might pay in satisfaction of the judgments. All claims against Sanwick and Carothers were dismissed as were all other claims and cross claims of the parties.

Viking appeals from the entry of judgment against it and from the failure of the trial court to enter judgment for it on its cross claim in the amount of $3,344 against Anderson. The Andersons cross-appeal from the entry of judgment against them and alternatively argue that the trial court erred in its failure to enter judgment for them against Viking.

Hopkins supports the judgment against Viking, but cross-appeals alternatively from the failure to enter judgment against Carothers if Viking's appeal is upheld. Carothers supports the trial court's judgment and denies the

cross-appeal by Hopkins. On disputed evidence, the trial court found:

*Contract for work.* In the first part of 1968, defendant James R. McGowan, an employee of defendant Viking Investment Co., having apparent authority to bind it as its agent in the matter, directed defendant Richard A. Carothers, a landscape architect, to prepare plans and to contract for the landscaping of two residences in Bothell, Washington. McGowan resided in and was purchasing one of the residences, and defendants Andy Anderson and Carol Anderson were residing in and were purchasing the other residence. McGowan represented to Carothers that McGowan's principal would pay for the work. In accordance with McGowan's instructions, Carothers prepared plans and engaged plaintiff Hopkins to do the work for the agreed prices, including tax, of $3344 for the Anderson house and $2403 for the McGowan house.

Finding of fact No. 2.

*McGowan's agency.* In prior transactions between Carothers and one or more of the companies headed by defendant Kendall A. Sanwick, Jr., including Viking Investment Co., Carothers had been instructed by Sanwick and had reasonably understood that McGowan was Sanwick's second in command and was authorized to bind the Sanwick interests in a wide variety of matters whenever Sanwick was not personally present. However, McGowan did not in fact have express authority to bind Viking or Sanwick as to the matter in dispute.

Finding of fact No. 3.

*Carothers' agency.* In contracting with Hopkins, Carothers understood that he was acting on behalf of one of the companies owned or managed by Kendall A. Sanwick, Jr., for whom defendant James R. McGowan was an agent authorized to bind his principal with respect to the work. Carothers represented to Hopkins that the work would be paid for by one of several companies with whom Carothers had dealt previously and that payment would be slow but sure. Hopkins understood that Carothers was acting for a principal and was not contracting on his own behalf.

Finding of fact No. 4.

*Benefit of work.* Although defendants Anderson did

not order the work or agree to pay for it, and defendant Andy Anderson stated to Carothers and McGowan that he could not pay for it, that he would not pay for it, and that he understood it was a gift, they stood by while the work was being done and accepted the benefit of it. The reasonable value of the work and of the benefit to the Andersons was $3344.

Finding of fact No. 6.

■ There is substantial evidence in the record to support the findings of fact of the trial court. They will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

■ ■ Nothing in the findings supports the judgment against the Andersons. Hopkins knew that Anderson was not to pay for the work. The record supports the trial court's finding that Anderson explained to McGowan who ordered the work and to Carothers who designed it before the work was started that he could not and would not pay for it. The fact that he stood by while the work was being done and accepted the benefit of it does not, *standing alone,* obligate him to pay for it. In order for Hopkins to recover from Anderson on a theory of quantum meruit, he must show that the services were rendered under such circumstances as to indicate that he expected to be paid for them by Anderson and further that Anderson expected or should have expected to pay for them. *See Johnson v. Nasi,* 50 Wn.2d 87, 309 P.2d 380 (1957). Here, the record affirmatively shows that Hopkins didn't expect to be paid by Anderson. Hopkins is also precluded from recovering against Anderson on a theory of unjust enrichment. This action to recover a liquidated amount that is due from another on an enforceable contract is not within the theory of unjust enrichment. *See Hardgrove v. Bowman,* 10 Wn.2d 136, 116 P.2d 336 (1941).

Viking argues that the record does not support the trial court's finding that McGowan had apparent authority to bind Viking. We disagree. Here the trial court could have found that Kendall A. Sanwick was the head of several corporations involved in land developments around the

state of Washington; that his project manager was James McGowan; that Carothers, a landscape architect, and Anderson, state manager of a construction company, had been involved in several of Sanwick's projects; that Anderson had played an integral role in encouraging his company to carry large accounts receivable for the Sanwick companies; that Carothers and Anderson had been explicitly instructed by Sanwick that if he was not present, as he frequently was not, they should take orders from McGowan; and that McGowan specifically ordered the work. This evidence is sufficient to support the trial court's finding.

■ Hopkins' cross-appeal against Carothers fails for the reason that Carothers fully disclosed to Hopkins at the time of entering into the contract that he was acting as agent for one of the Sanwick corporations.

> Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract.

Restatement (Second) of Agency § 320 (1958). *See also Potter v. Chaney,* 290 S.W.2d 44 (Ky. Ct. App. 1956).

The judgment against Anderson is reversed. Judgments against McGowan and the Viking Company are affirmed.

JAMES and SWANSON, JJ., concur.