[No. 10812–3–I. Division One. May 29, 1984.]

JOHN EATON, *Respondent,* v. ENGELCKE MANUFACTURING, INC., *Appellant.*

*Krider, Gough & O'Callahan, Inc., P.S.,* and *James H. Krider,* for appellant.

*Shields & Clarke* and *Michael A. Clarke,* for respondent.

RINGOLD, J.—Engelcke Manufacturing, Inc. (Engelcke) appeals a judgment awarding $5,415 to John Eaton for services rendered in developing a schematic design for an electronic parlor game. Engelcke contends that Eaton's recovery was improperly based on implied contract and quantum meruit because the parties had an express contract barring recovery and Engelcke received nothing of value from Eaton. We affirm.

The facts as found by the trial court are not challenged. Engelcke planned to design and manufacture "Whizball," an electronic game. Engelcke asked Eaton, an employee, if

he could design the electronic schematic for the game. Eaton estimated that he could design the schematic in 3 months at a cost of $1,200 to $1,500. Engelcke asked him to proceed, telling him that compensation would be figured when the project was completed. After Eaton began work on the project, Engelcke made several design changes which necessitated changing the electronics and circuitry. Eaton and Engelcke had numerous conversations regarding additional compensation for Eaton because of the increased length and complexity of the design project. Engelcke repeatedly assured Eaton he would be paid for the work, but an agreement as to the amount was never reached. Eaton worked on the project during his off–duty hours for 11 months and produced a schematic which was 90 percent complete. His job with Engelcke was then terminated.

Eaton presented expert testimony at trial that the amount of time he spent on the schematic was reasonable and that the reasonable value of his services was $7,800. Engelcke's expert testified that an electronic design expert could have designed the schematic for less money by using a different process. The trial court awarded Eaton $5,415 on the basis of implied contract and quantum meruit.

Engelcke challenges Eaton's recovery on several grounds. Engelcke first claims that the parties had an express oral contract for the design of the schematic; that Eaton's delivery of a completed schematic was a condition precedent to its liability; and that its contractual liability was discharged because the condition precedent did not occur. *See Multi–Products Eng'g Co. v. Bellingham Steel Prods., Inc.*, 66 Wn.2d 82, 401 P.2d 329 (1965). Engelcke also relies upon the rule that a party to an express contract is bound by the agreement and may not disregard it and bring an action on an implied contract, in contravention of the express contract. *See Chandler v. Washington Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97 (1943). Engelcke further contends that the damages award was improperly based upon quantum meruit because Engelcke received nothing of value from Eaton.

■ The various contentions concerning liability and damages may be resolved by a careful definition of the terms involved. An express contract is one where the intentions of the parties and the terms of the agreement are expressed by the parties in writing or orally at the time it is entered into. 1 S. Williston, *Contracts* § 3 (3d ed. 1957). The law recognizes two classes of implied contracts: those implied in fact and those implied in law. *Chandler v. Washington Toll Bridge Auth., supra* at 600. A contract implied in fact

> is an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from circumstances which, according to common understanding, show a mutual intention on the part of the parties to contract with each other. The services must be rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor, and that the recipient expected, or should have expected, to pay for them.

*Johnson v. Nasi,* 50 Wn.2d 87, 91, 309 P.2d 380 (1957). A true implied contract, or contract implied in fact, does not describe a legal relationship which differs from an express contract: only the mode of proof is different. *Johnson v. Whitman,* 1 Wn. App. 540, 545, 463 P.2d 207 (1969). A contract implied in law, or "quasi contract," on the other hand, arises from an implied duty of the parties not based on a contract, or on any consent or agreement. Recovery in quasi contract is based on the prevention of unjust enrichment. *Heaton v. Imus,* 93 Wn.2d 249, 252, 608 P.2d 631 (1980).

"Quantum meruit" is not a legal obligation like contract or quasi contract, but is rather a remedy, "a reasonable amount for work done." It literally means "as much as he deserved." *Heaton v. Imus, supra* at 252–53. The remedy of quantum meruit applies in a variety of situations. *See Heaton v. Imus, supra* (quasi contract); *Lester N. Johnson Co. v. Spokane,* 22 Wn. App. 265, 588 P.2d 1214 (1978) (when parties enter into a contract and substantial change not within their contemplation later occurs); *Dravo Corp. v.*

*L.W. Moses Co.*, 6 Wn. App. 74, 492 P.2d 1058 (1971) (restitution for part performance); *Kintz v. Read*, 28 Wn. App. 731, 626 P.2d 52 (1981); *Hopkins v. Anderson*, 7 Wn. App. 762, 502 P.2d 473 (1972) (implied in fact contract to pay the reasonable value for services rendered).[1]

With these definitions in mind, we turn to the specific contentions raised by Engelcke. Its arguments against liability are premised upon the claim that the parties had an express oral contract.

■ The burden of proving an express contract is on the party asserting it, who must prove that the parties expressly agreed to each essential fact, including the price, time and manner of performance. *See Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840–41, 658 P.2d 42 (1983). The trial court's findings indicate that the parties did not expressly agree to these elements. These unchallenged findings are verities on appeal, *Painting & Decorating Contractors of Am., Inc. v. Ellensburg Sch. Dist.*, 96 Wn.2d 806, 814, 638 P.2d 1220 (1982), and support the conclusion that the parties did not have an express contract for the design of the schematic.

■ In other unchallenged findings, the court found that Eaton's services in designing the prototype were rendered at Engelcke's request. The findings demonstrate that the services were "rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor, and that the recipient expected, or should have expected, to pay for them." *Johnson v. Nasi, supra* at 91. These findings, in turn, support the court's legal conclusion that the parties had an enforceable implied–in–fact contract to pay Eaton the reasonable value of the services rendered. *Johnson v. Nasi, supra.*

---

[1]*Johnson v. Whitman*, 1 Wn. App. 540, 463 P.2d 207 (1969) holds that recovery in quantum meruit is inconsistent with an implied in fact contract. This holding was apparently based on the court's mistaken assumption that quantum meruit is a legal obligation equivalent to quasi contract, rather than a remedy available regardless of the existence of a contract. *See Heaton v. Imus*, 93 Wn.2d 249, 608 P.2d 631 (1980).

Engelcke also challenges Eaton's recovery on the ground that Engelcke received nothing of value from Eaton. This argument mistakenly assumes that the court held Engelcke liable in quasi contract and awarded damages so as to prevent Engelcke's unjust enrichment. *See Heaton v. Imus, supra.* As previously indicated, Engelcke's liability was based on an implied in fact contract. The proper measure of recovery is not the benefit obtained but the reasonable value of the services rendered. *Johnson v. Nasi, supra; King v. Clodfelter,* 10 Wn. App. 514, 522–23, 518 P.2d 206 (1974). In *Dailey v. Testone,* 72 Wn.2d 662, 664, 435 P.2d 24 (1967), the court explained:

> The burden is on the plaintiff . . . to prove by a preponderance of the evidence both the services rendered and the reasonable value thereof. An action to recover the reasonable value of the services is predicated upon quantum meruit. Quantum meruit literally means "as much as he deserved."

(Citations omitted.) Eaton presented expert testimony that the reasonable value of his services was $7,800. The court's award of $5,415 is within the range of evidence presented at trial and will not be disturbed on appeal. *Richards v. Pacific Nat'l Bank,* 10 Wn. App. 542, 550, 519 P.2d 272 (1974).

The judgment is affirmed.

SCHOLFIELD, J., and JOHNSEN, J. Pro Tem., concur.

Reconsideration denied July 10, 1984.