[No. 34473. Department Two. October 9, 1958.]

FRED E. WOEPPEL, as *Executor, Respondent*, v. WILLIAM N. SIMANTON et al., *Appellants*.[1]

[1]Reported in 330 P. (2d) 321.

*Leroy C. Kinnie,* for appellants.

*Cheadle, Clanton & Woeppel* and *Fred E. Woeppel,* for respondent.

WEAVER, J.—Defendants William N. Simanton and Louphelia Simanton, his wife, appeal from a money judgment for $1,720 entered against them in favor of Fred E. Woeppel, as executor of the estate of Josephine C. Johnson, deceased.

The action springs from the following facts:

Mr. Simanton, in 1955, acquired possession of funds belonging to Mrs. Johnson. On May 19, 1955, by virtue of a power of attorney, he executed and delivered his check as "Trustee for Josephine C. Johnson" for $1,813.27 to his wife.

June 14, 1955, Mr. Simanton was appointed and, thereafter, qualified as the guardian of the person and estate of Mrs. Johnson. Upon the request of Mrs. Johnson and her nephew, the court relieved Mr. Simanton of his duties as

guardian, directed him to make a final accounting, and appointed Mr. Woeppel.

Objections to Mr. Simanton's amended final report and account as guardian resulted in a judgment of $935.38 against him and in favor of the substituted guardian, in addition to the funds already surrendered to the new guardian. We note that in his reply to the objections filed to his amended final report and account Mr. Simanton recognized his trusteeship of Mrs. Johnson's fund, *prior* to his appointment as guardian, but alleged "that it is his duty to keep these two accounts separate and not commingle them."

Mrs. Johnson died testate December 1, 1955. Mr. Woeppel was appointed executor of her estate and was, thereafter, authorized to commence the present action for an accounting of decedent's funds expended by Mr. Simanton as trustee, *prior* to his appointment as guardian of Mrs. Johnson. The judgment from which this appeal is prosecuted is based upon the check for $1,813.27, given by Mr. Simanton to Mrs. Simanton on May 19, 1955. Defendants contend that $1,720 of the amount of the check was for additional room, board, and services they furnished Mrs. Johnson from January 1, 1954 to May 9, 1955. During this period, defendants received $55 per month for Mrs. Johnson's room and board. The balance of $93.27 was waived by plaintiff.

By appropriate assignments of error, defendants urge that the judgment of $935.58 is *res judicata* and operates as a bar to the present action. This judgment was entered against Mr. Simanton as guardian after the hearing upon his amended final report and account and has been satisfied.

■ In *International Development Co. v. Clemans,* 66 Wash. 620, 623, 120 Pac. 79 (1912), this court observed:

"It is against the policy of the law to encourage litigation or the trial of two cases where one would suffice. The old familiar rule was that everything is presumed to have been adjudicated under the issues in the prior action. This rule has been modified by this and many other courts, to the effect that, notwithstanding the fact that certain questions might have been tried in the former case, *if it affirma-*

*tively appears that they were not tried,* the doctrine of *res adjudicata* will not apply as to them." (Italics ours.)

In the recent case of *Rufener v. Scott,* 46 Wn. (2d) 240, 245, 280 P. (2d) 253 (1955), this court said:

"The majority rule is stated in 30 Am. Jur. 997, Judgments § 283:

" 'The general rule is that a person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of introducing evidence *to prove that such issue was involved and actually determined* in the prior action, where this does not appear from the record.' " (Italics ours.)

The trial judge in this action also presided over the contested hearing on Mr. Simanton's final report as guardian. In addition to Mr. Simanton's pleading in the guardianship "that it is his duty to keep these two accounts separate and not commingle them," the trial court found as a fact in the instant case

"That in the said Amended Final Report filed in the guardianship proceedings, defendant William N. Simanton, who was at that time the prior guardian making his final report, mentioned therein a trustee account established in the Old National Bank under a Power of Attorney from Josephine C. Johnson and expressly stated that said trustee account had no bearing on this guardianship proceeding. That there was *no evidence* in the said hearing on the said Amended Final Report and objections thereto relating to the disbursement of this $1,720.00 to defendant Louphelia Simanton, and by reason of the disclaimer of defendant William N. Simanton, that said trustee account was a part of the guardianship proceeding, *the Court did not consider it* and the objecting guardian did not present any evidence pertaining to the said $1,720.00 payment." (Italics ours.)

Defendants have not assigned error to this portion of finding No. 6, so it becomes an established fact of the case. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

*In re Williamson,* 75 Wash. 353, 134 Pac. 1066 (1913), upon which defendants rely, held that the superior court, under its general equity powers, had jurisdiction to require a guardian to account for funds of the ward that

came into her possession *prior* to her appointment as guardian. In the instant case, it is an established fact that such jurisdiction was not exercised in the guardianship proceedings; hence, the judgment entered in the guardianship is not *res judicata* and a bar to the present action.

Did the trial court err when it found

"That defendants have not established any facts which give rise to any contract right or any other right conferred by law to retain the said sum of $1,720.00."

To resolve this issue, it is necessary to determine defendants' contention that plaintiff waived the exclusionary provisions of RCW 5.60.030, which provide

". . . in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person . . . a party in interest or to the record, shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him, or in his presence, by any such deceased . . . person, . . . *Provided further,* That this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and have no other or further interest in the action."

The situation, upon which defendants rely to establish a waiver of the statute by cross-examination, arose as follows:

Plaintiff called Mr. Simanton (one of the defendants) as an *adverse witness.* Upon examination, he testified:

"Q. Now during the year 1954 you received from her [decedent] the sum of $55 per month for room and board, did you not? A. *Partial payment, yes, on her room and board, according to our agreement.* Q. Just a moment. You received that sum did you not? A. Yes, that is right. Q. And that is what you received per month during 1954? A. Yes. Q. And for a part of the time in 1955, up to sometime in the month of June, probably the middle of the month of May, 1955, you received a like sum of $55 per month from her? A. Yes. Q. And at no time during the year 1954 and 1955 did you present a bill to her for an additional sum for each month's room and board? A. No."

Throughout the trial, counsel for defendants asked Mr. Simanton to explain what was meant by "partial payment"

and to state what further considerations, by agreement with decedent, were to flow to them for decedent's care. Each time, an objection was sustained upon the ground that the testimony would violate the provisions of RCW 5.60.030, quoted *supra*.

The factual situation is close to the one we considered at some length in *Boettcher v. Busse, Jr.*, 45 Wn. (2d) 579, 277 P. (2d) 368, 49 A. L. R. (2d) 191 (1954), wherein we held that testimony by a party in interest, as to the performance of labor or the rendition of services for decedent, is not prohibited under the statute as a transaction with decedent. The court said:

"Evidence of the work which appellant did for decedent and *the pay received* for it did not tend to prove that a contract had been made, under which decedent agreed to will property to appellant. Hence, such evidence does not constitute a waiver of the bar of the statute. See *Blodgett v. Lowe*, 24 Wn. (2d) 931, 167 P. (2d) 997 (1946)." (p. 583) (Italics ours.)

We agree with the trial court that the quoted testimony and the circumstances in which it was given did not constitute a waiver by plaintiff of the bar of the statute. It was not error to refuse to admit defendants' proffered evidence; hence, the trial court's finding "that defendants have not established any facts which give rise to any contract right or any other right conferred by law to retain the said sum of $1,720.00" must stand.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.