Frank C. BLISS, Sr., Appellant,

v.

Stanley W. BLISS, Appellee.

No. 16372.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 30, 1962.

Rehearing Denied Dec. 28, 1962.

Mehl, Williams & Ashley and John A. Kerr, Fort Worth, for appellant.

Powell, Rauhut, McGinnis, Reavley & Lochridge, Tom Reavley and Larry E. Temple, Austin, for appellee.

BOYD, Justice.

From a judgment upon jury verdict in favor of the plaintiff, Stanley W. Bliss, against the defendant, Frank C. Bliss, Sr., for compensation for the reasonable value of architectural services and for attorney's fees, the defendant appeals.

Appellee alleged that, at appellant's request, he rendered certain architectural services under an express agreement that he would receive six per cent of the total costs of buildings and site improvements for four projects, the compensation to be broken down as follows: 1.2 per cent for preliminary sketches and plans; 2.3 per cent for preparation of blueprints and specifications; and 2.5 per cent for supervision of actual construction. In the alternative he sued on quantum meruit, asking for the reasonable value of the services allegedly rendered.

Appellant denied the existence of the contract alleged by appellee, claiming the agreement was that appellee would prepare and furnish any preliminary plans and sketches for development of any properties owned by appellant, as appellee wished, at his own cost and expense, and when such plans and sketches were approved and accepted by appellant, they would then enter into an arrangement for the development of such property and agree upon the architectural fee to be paid.

The case was submitted upon quantum meruit, and only as to preliminary sketches and plans for two of the four alleged projects, namely, Eastwood Shopping Center and Ridge Crest Motel.

The appellant complains of the submission of two issues because he says the burden of proof in each issue was improperly placed on him. The issues were as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the plaintiff and the defendant entered into an agreement whereby the plaintiff would prepare and furnish preliminary sketches or plans for the development of the Eastwood Shopping Center at his own cost and expense?"

"Special Issue No. 3: Do you find from a preponderance of the evidence that the plaintiff and the defendant entered into an agreement whereby the plaintiff would prepare and furnish preliminary sketches or plans for the development of the Ridge Crest Motel at his own cost and expense?"

In this connection the appellant asked for the submission of the following issues in lieu of Issues Nos. 1 and 3, which request was denied:

"Requested Issue No. 1: Do you find from a preponderance of the evidence that the plaintiff and the defendant did not enter into an agreement whereby the plaintiff would prepare and furnish preliminary sketches or plans for the Eastwood Shopping Center at his own cost and expense?"

"Requested Issue No. 2: Do you find from a preponderance of the evidence that the plaintiff and the defendant did not enter into an agreement whereby the plaintiff would prepare and furnish preliminary sketches or plans for the Ridge Crest Motel at his own cost and expense?"

It is appellant's contention that his pleadings and evidence constituted a rebuttal defense or inconsistent theory by which the allegations of appellee's petition and testimony were thus negatived; and that the law imposed the burden on appellee, as plaintiff, to secure an affirmative finding that the contract alleged by appellant was not the actual contract under which the services were rendered.

■ An architect may, even though his contract expressly provides for compensation, recover for the reasonable value of services rendered if he proceeds to trial upon this theory of his case. 6 Tex.Jur.2d, sec. 27, p. 128.

■ In Frost v. Grimmer, Tex.Civ.App., 142 S.W. 615, an architect sued on quantum meruit for the reasonable value of architectural services rendered for the defendant. It was shown that such services had been rendered at the request of the defendant. The defense was that the services were performed under an agreement that the plaintiff was not to be compensated for his services unless certain bonds were sold by the defendant. In the charge the burden of proof on this defense was placed on the defendant. From a verdict and judgment favorable to the plaintiff the defendant appealed and claimed error in the placing of the burden of proof. The court said:

"The plaintiff alleged that he had made certain plans and specifications for the defendant, and under the testimony it was undisputed that he had done so. As the law would imply a promise to pay for such work done, it is clear that when plaintiff proved this much of his case he could have recovered upon it.

"The defense of the defendant was, in effect, in confession and avoidance, being to the effect that plaintiff did make such plans, etc., but that defendant was not to pay for them unless certain bonds were sold, and that the bonds had not been sold.

"In this state of the record, we are of the opinion that the burden of proving that the plans were not to be paid for unless the bonds were sold was upon the defendant, and that the court did not err in so telling the jury."

In Kramer v. Wilson, Tex.Civ.App., 226 S.W.2d 675, the plaintiff, who was an attorney, brought a suit on quantum meruit for legal services performed for the defendant. The defendant admitted that the services were performed, but contended that they were rendered gratuitously. This defense was not pleaded. The plaintiff objected to any evidence which might tend to show that he rendered the services gratuitously. Such evidence, however, was admitted, but the trial court declined to submit an issue to the jury covering the claimed defense. The Court of Civil Appeals said: "The contention that appellee performed the services but that he did so 'gratuitously' is one in confession and avoidance, and is a special defense; to be available to appellants in this case it must have been plead. Rule 94, Texas Rules of Civil Procedure."

In McDonald, Texas Civil Practice, sec. 12.10, p. 1071, it is said: "The burden is on the defendant, however, to prove his allegations in avoidance."

Appellant argues that Rice v. Thompson, Tex.Civ.App., 239 S.W.2d 137, supports his contention. We think that case is distinguishable because there the issue was whether the plaintiff was to be paid a commission or a salary, and the submission was upon contract, and here it was upon quantum meruit only. Appellant's points are overruled.

Judgment affirmed.