# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MWW, PLLC, dba MORAN WINDES AND WONG, PLLC; and MORAN & KELLER, PLLC, its successor, | No. 68154-1-I |
| Appellants, | DIVISION ONE |
| v. | |
| RYAN and JANE DOE SMITH, and the marital community composed thereof; JOHN and JANE DOE GUARINO, and the marital community composed thereof; all individually and as successors in interest to INTERACTIVE OBJECTS, INC.; YARMUTH, WILSDON CALFO, PLLC; RICHARD and JANE DOE YARMUTH, and the marital community composed thereof; and the proceeds of the legal malpractice settlement paid by or on behalf of CAIRNCROSS & HEMPELMANN, P.S., a Washington professional service corporation, in res, | UNPUBLISHED  FILED: March 18, 2013 |
| Respondents. | |

2013 MAR 18 AM 8: 4

COURT OF APPEALS DIV 1
STATE OF WASHINGTON

Cox, J. — We must again decide the rights of competing creditors to the settlement proceeds arising from a prior legal malpractice action commenced in March 2006. We handed down our prior decision in an appeal in that case on June 30, 2008 in <u>Smith v. Moran, Windes & Wong, PLLC</u>.[1]

---

[1] 145 Wn. App. 459, 187 P.3d 275 (2008), <u>review denied</u>, 165 Wn.2d 1032, 203 P.3d 281 (2009).

The primary issue that is now before us is whether the trial court properly dismissed the claims in this new action, following our reversal and remand to the trial court for further proceedings in the prior malpractice action. We hold that MWW, PLLC (the "law firm") fails to state a claim for conversion upon which relief could be granted. And the conversion claim that the law firm asserts is also barred by the three year statute of limitations. On appeal, the law firm has abandoned the foreclosure of attorney's lien claim asserted below. Thus, dismissal of that claim is not properly before us. Accordingly, the trial court properly dismissed both claims in this action.

We also hold that this appeal is frivolous. Thus, Yarmuth Wilsdon Calfo PLLC, Richard and Jane Doe Yarmuth, (collectively "Yarmuth"), and Ryan and Jane Doe Smith, and John and Jane Doe Guarino are entitled to an award of reasonable attorney fees.

We affirm and remand to the trial court for a determination of the amount of reasonable attorney fees to be assessed against the law firm.

Much of the background for this case is discussed in our prior decision. There, we held that a lien for attorney fees against any settlement proceeds arose at the commencement of that action in March 2006.[2] We did not address whether any contractual lien for attorney fees existed.[3] We remanded for a determination of the amount of the statutory attorney's lien.[4]

---

[2] Id. at 467.

[3] Id. at 466.

[4] Id. at 472.

Following the reversal and remand of the case to the trial court for further proceedings, the parties to that case engaged in further litigation, the details of which we need not discuss in detail.

In July 2011, the law firm commenced this new case, asserting two causes of action: conversion and foreclosure on an attorney's fee lien.[5] The law firm named Ryan and Jane Doe Smith, John and Jane Doe Guarino, and Yarmuth as defendants in this new case.

Yarmuth moved to dismiss the claims against it under CR 12(b)(6) for failure to state a claim upon which relief could be granted and because the claims were barred by the statute of limitations. Smith and Guarino joined this motion. The trial court granted Yarmuth's motion to dismiss. The court also later dismissed the law firm's claims against Smith and Guarino for the same reasons.

The law firm appeals.

## CONVERSION

The law firm argues that the trial court erred when it dismissed its suit for failure to state a claim upon which relief could be granted. We disagree, both because the law firm cannot demonstrate that it has a meritorious conversion claim and because, even if it could do so, this claim would be barred by the statute of limitations.

"A trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under CR 12(b)(6) is a question of law . . . ."[6]

---

[5] Clerk's Papers at 8.

[6] Cutler v. Phillips Petroleum Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994).

An appellate court will treat a CR 12(b)(6) motion as a motion for summary judgment "when matters outside the pleading are presented to and not excluded by the court."[7] When reviewing an order of summary judgment, an appellate court engages in the same inquiry as the trial court.[8] Thus, it considers the facts in the light most favorable to the nonmoving party.[9] Summary judgment is only appropriate if there is no genuine issue of material fact.[10]

"The tort of conversion is 'the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it.'"[11] "Money, under certain circumstances, may become the subject of conversion. However, there can be no conversion of money unless it was **wrongfully received by the party charged with conversion**, or unless such party was under obligation to return the **specific money** to the party

---

[7] Sea-Pac Co., Inc. v. United Food & Commercial Workers Local Union 44, 103 Wn.2d 800, 802, 699 P.2d 217 (1985).

[8] Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 381, 46 P.3d 789 (2002) (citing Wilson v. Steinbach, 96 Wn.2d 434, 437, 656 P.2d 1030 (1982)).

[9] Indoor Billboard/ Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 70, 170 P.3d 10 (2007).

[10] Id.

[11] Consulting Overseas Mgmt, Ltd. v. Shtikel, 105 Wn. App. 80, 83, 18 P.3d 1144 (2001) (quoting Wash. St. Bank v. Medalia Healthcare LLC, 96 Wn. App. 547, 554, 984 P.2d 1041 (1999)).

claiming it."[12] *"Knowledge of a lien against money does not make the recipient liable for conversion."*[13]

Thus, in <u>Davin v. Dowling</u>,[14] the supreme court held that the Third National Bank of Walla Walla was not guilty of conversion for accepting money from Dowling, its mortgagor, rather than turning the money over to Davin, who held a first priority lien on this money:

> It cannot be said that the bank, when it received the money knowing that it was the proceeds of the crop and applied it on an indebtedness of Dowling, did so wrongfully. Neither can it be said that the bank was under any obligation to deliver the specific money to Davin. . . . *No case has been cited, and in our investigation we have been unable to find any, which holds that simply the receipt of money by one charged with knowledge that it comes from property which was the subject of a lien makes the party guilty of the conversion of the money.*[15]

Here, as the <u>Davin</u> court noted, the receipt of settlement proceeds by Yarmuth, Smith, and Guarino with knowledge that such proceeds were subject to a lien does not, by itself, make them liable for conversion of such proceeds. Additionally, the record does not support any claim that Yarmuth "wrongfully received" the settlement proceeds. To the contrary, the proceeds appear to have been disbursed to Yarmuth by the settling party in the prior malpractice action in

---

[12] <u>Public Util. Dist. No. 1 of Lewis County v. Wash. Public Power Supply System</u>, 104 Wn.2d 353, 378, 705 P.2d 1195 (1985) (emphasis added).

[13] <u>Reliance Ins. Co. v. U.S. Bank of Wash.</u>, 143 F.3d 502, 506 (1998) (emphasis added) (interpreting Washington law) (citing <u>Davin v. Dowling</u>, 146 Wash. 137, 140, 262 P. 123 (1927)).

[14] 146 Wash. 137, 141, 262 P. 123 (1927).

[15] <u>Id.</u> (emphasis added).

conformity with normal settlement practices. Likewise, there is nothing in the record showing Yarmuth took money from the law firm. In short, the law firm fails to make the required showing for a conversion cause of action. Dismissal for this reason was proper.

The law firm argues that under RCW 60.40.010(d) the amount it was owed is certain. But, because the law firm cannot make out a prima facie case for conversion, whether or not the amount it claims it was owed is certain is of no consequence.

The law firm next argues that the disbursal of the settlement funds by Yarmuth from an IOLTA account constituted conversion. This argument is flawed.

The law firm never obtained a stay of the trial court order dismissing its original lien claim, nor did it delay the enforcement of this dismissal through the supersedeas procedure allowed under RAP 8.1. Thus, disbursal of the settlement funds by Yarmuth was neither wrongful nor an act of conversion.

Finally, even if the law firm could make out a conversion claim as to Yarmuth based on the disbursal of funds, the law firm has failed to establish how such a claim would apply to Smith and Guarino. The law firm argues that respondeat superior would apply because when Yarmuth disbursed the funds, it was acting on behalf of itself and its principals, Smith and Guarino. But, the law firm provides no citations to support its argument. Where a party cites no authority, we presume it has found none.[16]

---

[16] State v. Young, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978).

The law firm also argues that Rule of Professional Conduct (RPC) 1.15A(g) and RCW 60.40.010(d) together make clear that respondent's disbursement of the settlement funds constitutes conversion. This assertion is legally untenable.

RPC 1.15A(g) states that:

> If a lawyer possesses property in which two or more persons (one of which may be the lawyer) claim interests, the lawyer must maintain the property in trust until the dispute is resolved. The lawyer must promptly distribute all undisputed portions of the property. The lawyer must take reasonable action to resolve the dispute, including, when appropriate, interpleading the disputed funds.

The law firm argues that Yarmuth's disbursal of the settlement funds violated this RPC and consequently was an act of conversion. This assertion is directly contrary to settled law. As the respondents note, the supreme court made clear in Hizey v. Carpenter the "breach of an ethics rule provides only a *public*, e.g., disciplinary, remedy and *not a private remedy*."[17] Simply stated, the law firm does not have a remedy by way of a conversion claim or otherwise against Yarmuth for an alleged breach of this or any other of the RPCs.

Finally, for the first time an appeal, the law firm appears to claim that Yarmuth, Smith, and Guarino were unjustly enriched and that it is consequently entitled to restitution as a result. Under RAP 9.12, an appellate court does not consider new arguments made for the first time on appeal when reviewing a

---

[17] 119 Wn.2d 251, 259, 830 P.2d 646 (1992) (emphasis added).

grant of a motion for summary judgment.[18] Thus, we do not address this new argument.

## Statute of Limitations

The law firm's conversion claim is also barred by RCW 4.16.080(2), the three year statute of limitations. For this additional reason, the dismissal of this claim was proper.

Under RCW 4.16.080(2), the statute of limitations to bring a suit for conversion is three years. "An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another" shall be commenced within three years.[19] This three year period begins to run from "'the time when plaintiff first became entitled to sue.'"[20]

A threshold issue is what date of accrual applies to the law firm's conversion claim. Here, the record shows that this claim accrued from the date the law firm sought prejudgment interest. This is the date on which the law firm believed its claim for conversion was liquidated. As Yarmuth correctly argues,[21] according to the law firm's own Complaint, that date was "on the date the

---

[18] Behnke v. Ahrens, ___ Wn. App. ___, 294 P.3d 729, 737 (2012).

[19] RCW 4.16.080.

[20] Jones v. Jacobson, 45 Wn.2d 265, 269, 273 P.2d 979 (1954) (quoting Young v. City of Seattle, 30 Wn.2d 357, 361, 191 P.2d 273 (1948)).

[21] Brief of Respondents Yarmuth Wildson Calfo PLLC and Richard and Jane Doe Yarmuth at 20.

defendants first received the Settlement proceeds *in 2007* and or the date they first misappropriated the trust funds from the IOLTA account."[22]

This allegation, which centers on 2007 as the relevant date for accrual of the conversion claim, is consistent with the following statement in our prior opinion on these settlement proceeds: "We note that at oral argument counsel for Smith and Guarino represented to this court that *settlement proceeds have been paid to their clients.*"[23] This representation shows that at the time of oral argument of the prior case, the settlement proceeds had been disbursed to Smith and Guarino. Oral argument of the prior case was before the June 30, 2008 filing of our earlier decision. Thus, the law firm's representation to this court during oral argument makes clear that the conversion claim accrued, at the latest, before June 30, 2008.

Using either the 2007 date, as stated in the law firm's own complaint, or any date before June 30, 2008, the date of our prior decision, as the time of accrual of the conversion claim, the result is the same. The conversion claim accrued more than three years before the commencement of this action on July 18, 2011. Therefore, the law firm's conversion claim is also barred under RCW 4.16.080(2)'s three year statute of limitations.

The law firm does not address the accrual date of its conversion claim. Rather, without citation to legal authority, the law firm argues that the first date that it could have filed this action for conversion was March 25, 2009. That date,

---

[22] Clerk's Papers at 9 (emphasis added).

[23] Smith, 145 Wn. App. at 472 (emphasis added).

according to the law firm, was the date the mandate was issued in the appeal in the prior malpractice action. We decline to consider argument unsupported by cogent legal argument or citation to relevant authority.[24]

Equally unpersuasive is the law firm's next argument—that this action "is on a contract," and thus the six year statute of limitations for contract claims applies. The law firm's complaint does not plead a contract cause of action. Rather, it asserts conversion and foreclosure on attorney's fee lien as the only two causes of action. Thus, there is no merit to any contention that a contract claim's statute of limitations applies in this case.

We note that the law firm cites RCW 4.16.030 in support of its argument that a six year statute of limitations applies. But this statute addresses actions "to enforce any lien for any special assessment *for [any] local improvements*" and provides a *ten year* statute of limitations.[25] Obviously, neither special assessments nor local improvement districts are involved in this action.

We also conclude that the law firm has abandoned on appeal any claim that dismissal of its foreclosure of attorney's lien claim was improper. Though it asserted in its complaint a "foreclosure on attorneys [sic] fee lien," it did not pursue that claim on appeal. Specifically, there is neither an assignment of error nor an identification of any issue on appeal for this claim.[26] Its arguments are,

---

[24] See RAP 10.3(a)(5) (appellate brief should contain argument in support of issues presented for review, together with citations to legal authority); see also Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (court need not address arguments unsupported by citation to relevant authority).

[25] RCW 4.16.030 (emphasis added).

[26] Appellants' Opening Brief at 4-5.

instead, focused solely on its conversion claim, which we addressed previously in this opinion. For these reasons, we need not address whether the trial court's dismissal of that cause of action was improper.

## JUDICIAL ESTOPPEL

The law firm also argues that the respondents are judicially estopped from arguing that the statute of limitations bars its conversion claim. This argument has no merit.

"'Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.'"[27] "[T]he 'heart of the doctrine [of judicial estoppel] is the prevention of inconsistent positions as to facts. It does not require counsel to be consistent on points of law.'"[28] Though not exhaustive, three central questions guide a trial court's determination of whether to apply judicial estoppel:

> (1) whether a party's current position is inconsistent with an earlier position, (2) whether judicial acceptance of an inconsistent position in the later proceeding will create the perception that the party misled either the first or second court, and (3) whether the party asserting the inconsistent position will obtain an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[29]

---

[27] Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007) (quoting Bartley-Williams v. Kendall, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006)).

[28] Anfinson v. FedEx Ground Package Sys. Inc., 159 Wn. App. 35, 63, 244 P.3d 32 (2010) (quoting King v. Clodfelter, 10 Wn. App. 514, 521, 518 P.2d 206 (1974) (alternations in original)).

[29] Id. at 61-62.

11

A lower court's application of the doctrine of judicial estoppel is reviewed for abuse of discretion.[30] The lower court here rejected the law firm's judicial estoppel argument and dismissed the law firm's claims.

As noted above, an appellate court reviews a CR 12(b)(6) dismissal that looks to documents outside the pleadings as it would an order for summary judgment.[31] It reviews a summary judgment order de novo.[32]

Here, the law firm argues that Smith, Guarino, *and* Yarmuth are estopped from arguing that the running of the statute of limitations bars the law firm's conversion claim. The law firm's claim rests on the argument that all respondents previously represented to this court that the statute of limitations did not preclude its refiling its attorney's fee lien claim. Thus, according to the law firm, Yarmuth, Smith, and Guarino are estopped from now arguing that the statute of limitations precludes the law firm's conversion claim. This argument is incorrect for a number of reasons.

First, any factual assertions made by Smith and Guarino cannot estop Yarmuth from making arguments here because it was *not* a party in the prior action. Judicial estoppel is a relatively flexible doctrine and "may be invoked by a stranger to the first suit *against* a party who was a party to, or a witness in, the first suit."[33] Here, the law firm invokes the doctrine against neither a party nor a

---

[30] Arkison, 160 Wn.2d at 538.

[31] Mueller v. Miller, 82 Wn. App. 236, 246, 917 P.2d 604 (1996).

[32] Arkison, 160 Wn.2d at 538.

[33] 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 35:57, at 595 (2d ed. 2009).

witness in the previous suit. While Yarmuth represented Smith and Guarino in the prior action, it was neither a party to nor a witness in that action. Consequently, it is not bound by Smith and Guarino's arguments there.

Second, even if Yarmuth was bound by Smith and Guarino's prior factual contentions, Smith and Guarino did not allege any factual position with respect to conversion in the previous litigation that they contradict here. They could not, in fact, because a claim for conversion was not at issue there. Thus, nowhere in the prior litigation did Smith and Guarino explicitly rely on the statute of limitations *not* having run on the law firm's *conversion* claim.

Even if a conversion claim were not at issue here, in the earlier litigation Smith and Guarino did not rely on the running of the statute of limitations as to the law firm's attorney's lien. In the previous litigation, Smith and Guarino stated that the law firm "fail[ed] to make any showing . . . why, in this instance, the dismissal without prejudice constitutes a final judgment . . . ."[34] It is true that when the statute of limitations has run on a claim, a dismissal without prejudice as to that claim is appealable as a matter of right.[35] Thus, by inference, Smith and Guarino did indicate that the law firm *itself* failed to allege that the statute of limitations had run. But the law firm's *failure* to allege a particular fact is not equivalent to Smith and Guarino's *reliance* on that fact. Thus, neither Smith and

---

[34] Clerk's Papers at 367.

[35] See Munden v. Hazelrigg, 105 Wn.2d 39, 44, 711 P.2d 295 (1985) (where statute of limitations had not run and filing of new action was possible no appeal from dismissal without prejudice).

Guarino nor Yarmuth are judicially estopped from arguing a statute of limitations defense to the law firm's claims here.

The law firm relies on <u>Johnson v. Si-Cor, Inc.</u>[36] It argues that because privity of the parties is inapplicable to judicial estoppel, Yarmuth is bound by any factual argument made by Smith and Guarino in the prior case. But <u>Si-Cor</u> does not support such a contention. There, the court concluded that "the doctrine [of judicial estoppel] may be applied even if the two actions involve different parties."[37] But the court was not indicating that judicial estoppel may be applied *against* a person uninvolved in a prior action.

In <u>Si-Cor</u>, the court considered whether Johnson was judicially estopped from suing Si-Cor, Inc. because he failed to reveal this claim in his prior bankruptcy proceedings.[38] Thus, Si-Cor, a new party, attempted to judicially estop Johnson, a party in the previous action, from making an argument it claimed *he* had contradicted in his previous litigation.[39] Here, in contrast, the law firm, a party in the previous action, is attempting to judicially estop Yarmuth from making an argument a *different* party made in an earlier proceeding. There is no support for such an expansion of the judicial estoppel doctrine.

The law firm also argues that this court's denial of discretionary review in the previous proceedings demonstrates that Smith, Guarino, and Yarmuth

---

[36] 107 Wn. App. 902, 28 P.3d 832 (2001).

[37] <u>Id.</u> at 907-08.

[38] <u>Id.</u> at 904-05.

[39] <u>Id.</u>

"clearly argued in the appellate court that [the law firm] could not bring the appeal because [the law firm] could merely refile and have its claim accepted."[40] It did not. This court's denial of discretionary review stated that "the *appellant* [the law firm] does not assert that a statute of limitations would bar refiling the [litigation]."[41] This language demonstrates that, to the extent the statute of limitations question arose, it was the law firm's *failure* to assert a *legal* statute of limitations argument, rather than Smith's and Guarino's *assertion* of this argument. Thus, Smith and Guarino are not judicially estopped from arguing that the statute of limitations bars the law firm's claims.

## ATTORNEY'S FEE LIEN AND QUANTUM MERUIT

In its Reply Brief, the law firm argues for the first time that it is "at least entitled to quantum meruit" based on its attorney's fee lien claim.

While the law firm pleaded claims for conversion and "foreclosure on attorneys [sic] fee lien" in its complaint, it made no quantum meruit argument in its opening brief on appeal. Arguments first raised in a reply are not generally addressed.[42] Accordingly, we do not address this tardy claim.

## ATTORNEY FEES

Yarmuth, Smith, and Guarino all request attorney fees under RAP 18.9. because this action is frivolous. We agree.

RAP 18.9(a) "permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a

---

[40] Appellants' Opening Brief at 20.

[41] Clerk's Papers at 215.

[42] Cowiche Canyon, 118 Wn.2d at 809; see RAP 10.3(c).

frivolous appellate action."[43] "'[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.'"[44] The court considers the record as a whole.[45] "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant."[46]

Here, the sole claim that is properly asserted on appeal is that the trial court improperly dismissed the law firm's conversion claim. The law firm abandoned the foreclosure of lien claim that it pleaded below by failing to argue that claim on appeal.

The conversion claim is frivolous. Neither the pleadings nor this record supports the assertion of this claim, for the reasons we previously explained in this opinion.

Both the allegations in the law firm's complaint as well as the reference in this court's prior opinion to representations made at oral argument in that case show when the conversion cause of action accrued. The law firm makes no contrary argument regarding when accrual occurred. Thus, the statute of limitations on the conversion claim plainly ran well before the July 18, 2011 commencement of this action.

---

[43] Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

[44] Stanley v. Cole, 157 Wn. App. 873, 889, 239 P.3d 611 (2010) (quoting Streater v. White, 26 Wn. App. 430, 435, 613 P.2d 187 (1980) (alterations in original)).

[45] Id.

[46] Advocates for Responsible Dev., 170 Wn.2d at 580.

Rather than deal with the uncontested fact of when the cause of action accrued, the law firm argues, without citation to authority, that it timely commenced this case on the basis of when the mandate was issued in the prior case. How issuance of the mandate in the prior case would have precluded commencing an action for conversion against Yarmuth, who was not a party to the prior action, remains unexplained. This remarkable argument based on issuance of the mandate makes neither legal nor practical sense.

For these reasons, we conclude this appeal is frivolous. An award of attorney fees is proper, subject to compliance with governing rules. We remand to the trial court for a determination of the amount of fees on appeal to be awarded to Yarmuth, Smith, and Guarino.[47]

We affirm the orders before us on appeal.

_____ Cox, J.

WE CONCUR:

_____

_____ Leach, C. J.

---

[47] RAP 18.1(i).