# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THOMAS F. BANGASSER, an individual resident of the State of Washington, | No. 75226-0-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MIDTOWN LIMITED PARTNERSHIP, a Washington Limited Partnership, | |
| Respondent. | FILED: April 24, 2017 |

APPELWICK, J. — Bangasser sued MidTown alleging breach of a partnership agreement. The trial court issued a declaratory judgment in favor of MidTown and prohibited Bangasser from refiling a lis pendens on property owned by MidTown. We affirm.

## FACTS

MidTown Limited Partnership is a Washington limited partnership whose primary asset is several parcels of commercial real estate in Seattle's Central District ("the property"). Until June 22, 2015, Thomas Bangasser was MidTown's general partner. On that date, the other four limited partners—all his siblings or entities owned by his siblings—voted to remove Bangasser as general partner.

On September 21, 2015, Bangasser sued MidTown for breach of the partnership agreement, asserting that MidTown failed to compensate him for his partnership interest

and for his past services as general partner. Bangasser also sought a security interest in the property and the appointment of a receiver for sale of the property.

At the same time, Bangasser filed a lis pendens against the property. The trial court granted MidTown's motion to strike the lis pendens, finding that Bangasser's suit did not involve a dispute over title to the real property and that the filing of the lis pendens "appears to have been designed to interfere with the pending sale of the real property." The trial court also granted MidTown's motion for attorney fees.

MidTown moved for partial summary judgment, seeking a declaratory judgment as to two issues: (1) that Bangasser was validly removed as general partner and (2) that Bangasser had no right of first refusal regarding the property or the limited partners' interests in the partnership. In response to the motion, Bangasser conceded both of these issues.

> With respect to the present motion only, however, there is no significant disagreement. MidTown's motion requests a declaration that (a) Mr. Bangasser "was validly removed as general partner of the Partnership and replaced by Margaret Delaney; and (b) Mr. Bangasser has no right of first refusal regarding: (i) the limited partners' interests in the Partnership; or (ii) the Partnership's real property at 23rd and East Union in Seattle."
>
> While Mr. Bangasser believes that the sale of MidTown's only significant asset is ill-advised and misguided for a host of reasons, he does not seek to enjoin the sale or otherwise create any road-block. And Mr. Bangasser does not object to MidTown's motion regarding the specific points identified above.

(Citation omitted.)

At a hearing on the partial summary judgment motion, counsel for Bangasser agreed that there was no issue on the substance of the motion, merely the form of the order.

> So section 1 of the motion, Midtown's motion, says that they would like summary judgment as to the fact that Mr. Bangasser was validly removed as general partner of the partnership and that he was replaced by Margaret Delaney. That's number one. And number two, that Mr. Bangasser has no right of first refusal regarding the partnership's property or the limited partnership's limited partners['] interest in the partnership.
>
> On those points there is no real disagreement, and Mr. Bangasser's response is clear on this point and we don't object to an order, specific order that so provides. . . .
>
> . . . .
>
> [W]ith respect to Mr. Bangasser's removal, we don't contest that it was proper under section 7.7 of the general partnership or the partnership agreement. Whether that removal was lawful and appropriate and everything else, I don't know, but we do not contest it. He doesn't contest Ms. Delaney's succession.

On January 7, 2016, the trial court granted partial summary judgment in favor of MidTown and entered the following declaratory judgment:

> 1. Defendant's motion for partial summary judgment is GRANTED.
>
> 2. Plaintiff has no right, title, or interest in or to any property owned by MidTown Limited Partnership ("MidTown"), including the real estate described and referred to in plaintiff's complaint as the 23rd and East Union property (the "Realty").
>
> 3. Plaintiff has no entitlement or right to purchase, receive, or otherwise acquire: (a) any or all of the ownership interest or units in MidTown now vested in, held, or owned by [the other partners] or (b) any or all right, title, or interest in or to any of MidTown's property, including without limitation the Realty.
>
> 4. Plaintiff was lawfully removed as general partner of MidTown Limited Partnership and replaced by Margaret Delaney.

5. Margaret Delaney has the authority to act for and bind MidTown. MidTown, by and through its general partner Margaret Delaney, has the authority to enter into transactions for the sale, encumbrance, or other disposition of MidTown's property, including the Realty, subject, however, to any necessary approval or ratification by MidTown's limited partners.

On April 18, 2016, the trial court entered a final judgment in favor of MidTown pursuant to CR 54(b).[1] The judgment incorporated the language of the partial summary judgment order. The judgment also provided that Bangasser could not re-file a lis pendens against the property, and awarded attorney fees to MidTown in the amount of $15,886.45. Bangasser appeals.[2]

## DISCUSSION

We review a grant of summary judgment de novo, considering the facts in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

Bangasser first contends that the trial court erred in granting partial summary judgment in favor of MidTown because MidTown violated the partnership agreement by seeking to liquidate the partnership's assets after removing him as general partner and

---

[1] CR 54(b) governs entry of judgments on multiple claims and provides that "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment."

[2] Bangasser ultimately voluntarily dismissed the lawsuit after MidTown filed counterclaims against him.

by failing to compensate him for his partnership interest. But, these claims, even if true, would not create a genuine issue of material fact with respect to whether Bangasser's removal was valid or whether Bangasser had a right of first refusal.

Moreover, Bangasser conceded below that his removal as general partner was valid. Bangasser is thus judicially estopped from challenging the validity of his removal on appeal. " 'Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.' " Anfinson v. FedEx Ground Package Sys., Inc., 174 Wn.2d 851, 861-62, 281 P.3d 289 (2012) (quoting Arkinson v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007)). "The purpose of judicial estoppel is to bar as evidence statements and declarations by a party which would be contrary to sworn testimony the party has given in the same or prior judicial proceedings." King v. Clodfelter, 10 Wn. App. 514, 519, 518 P.2d 206 (1974).

Bangasser additionally contends that the trial court erred in striking the lis pendens. A lis pendens may be filed "[a]t any time after an action affecting title to real property has been commenced." RCW 4.28.320. A lis pendens is justified only where a claimant has "a reasonable, good faith basis in fact or law for believing they have an interest in the property." S. Kitsap Family Worship Ctr. v. Weir, 135 Wn. App. 900, 912, 146 P.3d 935 (2006). "A lis pendens is not proper where it is filed in anticipation of recovering a money judgment." Bramall v. Wales, 29 Wn. App. 390, 395, 628 P.2d 511 (1981).

Here, Bangasser's lawsuit did not affect title to the property. Instead, Bangasser sought a money judgment for an alleged breach of the partnership agreement. At no point did Bangasser allege that he had a valid claim to ownership or possession of the property, which is owned in fee simple by MidTown. Because Bangasser's claims do not affect title to the property, as required to support a lis pendens, we reject his argument that the trial court improperly struck the lis pendens

We affirm.

WE CONCUR:

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 APR 24 AM 9: 29